JUDITH B. NIEVA & Co., S. EN C., demandante y apelada, *v.* HON. MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, ET ALS., demandados y apelantes.

No. 6052 *

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

A mi juicio, la solución del problema no depende del hecho de que la constitución de California usara la palabra "empleados" y la corte resolviera que la constitución se refería a empleados inmediatos. Subsistiría el hecho de que los obreros de un subcontratista no son en forma alguna empleados del contratista principal. Éste no tenía nexo o relación con los obreros empleados por el subcontratista. Si retrocedemos al derecho común veremos que el empleado de un subcontratista que recibía una lesión debido a la negligencia del contratista principal tenía una causa de acción contra éste; y la doctrina de asunción de riesgo no podía ser invocada en su contra. La teoría moderna es exigir, mediante leyes adecuadas de indemnizaciones a obreros, que el patrono proteja las vidas y la salud de sus empleados. Un contratista principal, sin embargo, no tiene control sobre los empleados de un subcontratista, y no puede regular sus horas o modo de trabajar, ni, en general, la seguridad de ellos. Lo que las leyes de indemnizaciones a obreros han hecho es crear otra clase de obligaciones en el patrono. Empero, la idea de los estatutos no es convertir al patrono en asegurador de alguien que está bajo el dominio de otra persona. Las palabras deben ser interpretadas en su sentido ordinario y cuando el congreso se refirió a "empleados" debió haber querido significar la relación que de ordinario existe entre patrono y empleado y

* Véase la opinión de la mayoría en la página 158.

no una relación artificial en que están envueltos los empleados de un tercero, aun si éste es un subcontratista. Si el congreso, de conformidad con su poder de policía, pudiese hacer esta supuesta inclusión, lo hubiera hecho usando términos expresos.

Estoy autorizado para decir que el Juez Asociado Sr. Aldrey se une a mí en este disentimiento.